## Commonwealth v. Harvey

*Kevin Way,* for the Commonwealth.
*Karl Baldys,* for defendant.
*Charles F. Greevy, III,* for Lycoming County Department of Children and Youth.

SMITH, *J.,* March 14, 1984—Defendant has been charged by information with one count of indecent assault and one count of corruption of minors. These charges arose out of incidents which occurred in August and September of 1983 involving defendant and his seven-year-old niece.

An investigation of the incidents was made by the Lycoming County Department of Children and Youth through Susan Shade or other employees of that department. A file was opened by that department to hold any reports or other information involving the defendant's case. Portions of this file were made available to the district attorney for use in prosecuting the defendant. Defendant also alleges in his motion that the Department of Children and Youth maintains a file on the mother of the defendant's niece which contains allegations of child abuse by the mother toward her child.

On February 16, 1984, subpoenas duces tecum were issued on Nicholas Telincho, director of the Lycoming County Department of Children and Youth and on Susan Shade, directing them to produce "copies of any and all records and reports relating to the family of Joan and Robert Harvey and/or their daughter, Joan Nittinger." Defendant was advised by Telincho that the records will not be produced and, in fact, these records have not been produced.

The district attorney was represented at argument. He has produced, at the request of defendant, all of the information which was in his possession which was turned over to him by the Department of Children and Youth. Apparently he did not receive the entire file in the Elliott Harvey case and did not receive any other files containing information on the present case.

The statute which deals with the confidentiality of the Department of Children and Youth records is the Act of November 26, 1975, P.L. 438, 11 P.S. §2201 et seq., known as the Child Protective Services Act. The act contains not only the general rule that the contents of the file remain confidential but also a list of specific exceptions to the general rule. The relevant portions of the Child Protective Services Act are as follows:

(a) Except as provided in (11 P.S. §2214), reports made pursuant to this act including but not limited to report summaries of child abuse made pursuant to (11 P.S. §2206(b)) and written reports made pursuant to (11 P. S. §2206(c)) as well as any other information obtained, reports written or photographs or x-rays taken concerning alleged instances of child abuse in the possession of the department, a county children and youth social services agency or a child protective service shall be confidential and shall only be made available to:
. . . (5) A Court of competent jurisdiction pursuant to a court order . . .

(9) Law enforcement officials in the course of investigating cases of (1) homicide, sexual abuse or exploitation, or serious bodily injury as perpetrated by persons whether related or not related to the victim . . . 11 P.S. §2215, as amended by the Act of October 21, 1983, P. L. 382.

The district attorney and the Department of Children and Youth take the position that because the act contains no specific exception for a defendant in a criminal trial, defendant here is not entitled to receive the files which he seeks. Further, the district attorney contends that not even he is entitled to receive the entire file. On the other hand, defendant asserts that the files are available to the Office of the District Attorney and that they are, therefore, subject to discovery under Brady v. Maryland, 373 U.S. 83 (1963) and Pa.R.Crim.P. 305B(1). In addition, he indicates his belief that the reports were investigatory in nature and that the failure of the department to comply with the subpoenas would violate his constitutional right to confront witnesses.

Initially, the court will dispose of various arguments made by the parties. First, the statute clearly does not allow a defendant charged with an offense to subpoena the records of the Department of Children and Youth. The exceptions to the general rule are noted by the act and defendant does not fall into any of them.

Second, as we read Section 2215(a)(9) of the act, the district attorney is entitled to receive the entire file for purposes of investigating cases of sexual abuse or exploitation. The statute does not limit the information which the district attorney may obtain to that which the department gives him. He may seek more of the file in furtherance of his investigation if he so desires.

Defendant is left completely helpless in a situation like that in the present case. If the district attorney does not obtain the information found in the files of the Department of Children and Youth, the defendant is unable to discover the records pursuant to the mandatory discovery holding of Brady v. Maryland, supra, and Pa.R.Crim.P. 305B. Thus,

even if the reports contain information obtained by a caseworker which could be used to impeach the testimony of a witness at trial or information concerning a motive for a witness to testify falsely concerning the sexual attacks, defendant would be unable to obtain them. This does not give the defendant a fair chance to refute the charges against him. See Davis v. Alaska, 415 U.S. 308 (1974).

On the other hand, the reasons for maintaining the confidentiality of the Department of Children and Youth records are equally compelling. The policy of maintaining the confidentiality of the records encourages victims to seek assistance and others to report suspected abuses. This confidentiality is essential to the effectiveness of the Child Protective Services Act.

Given the compelling nature of the arguments on both sides of the issue, the court will not follow the roads indicated by either the defendant or the district attorney and the Department of Children and Youth. Rather, the court will follow the middle road, balancing the interest of the defendant in discovering information which would allow him to confront witnesses with the public's interest in maintaining the confidentiality of sex abuse reports. In so balancing, the court feels that both interests are adequately served.

Since it is clear that the court is entitled to receive the Children and Youth files (see 11 P.S. §2215(a)(5)), the court will direct the Department of Children and Youth to copy the contents of any files containing any and all records and reports relating to the family of Joan and Robert Harvey and for their daughter, Joan Nittinger, and forward those copies to the court. The court will then make the contents of the file available to the District Attorney. The District Attorney shall inspect the files and

disclose any information which he is required to disclose by Brady v. Maryland and Pa.R.Crim.P. 305B(1). Thereafter, the district attorney will return the contents of the file to the court, and the court shall examine the contents of the file to determine whether the district attorney has disclosed all information required by Brady v. Maryland and Rule 305B(1). Also, the court will examine the contents of the file to determine whether they contain any discoverable matter under Rule 305B(2). Any material which the defendant is entitled to have will be given to the defendant in a court order. At no time will the defendant be permitted to inspect or copy any of the contents of the file.

Finally, the court will make the files a part of the record in this case so that the appellate courts are able to review our decision. But unless and until the file is forwarded to the appellate court for review, the copies of the contents of the Department of Children and Youth files shall be impounded and will be available only to the court or another person with a court order. Defendant will at no time be permitted access to the contents of the files.

## ORDER

And now, March 14, 1984, the rule to show cause issued January 21, 1984, is made absolute in part and dismissed in part; and it is ordered and directed that the Lycoming County Department of Children and Youth make photocopies of any and all records relating to the family of Joan and Robert Harvey and/or their daughter, Joan Nittinger, and relay these photocopies to the court. It is further ordered and directed that these photocopies be made a part of the record in this case, and the prothonotary is directed to impound the photocopies.